# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

CALVIN MAYNOR,

     Petitioner,

v.                                   Case No. 8:13-cv-3146-T-36TBM

SECRETARY, DEPARTMENT
OF CORRECTIONS,

     Respondent.

_____/

## ORDER

Petitioner Calvin Maynor, an inmate in the Florida Department of Corrections proceeding *pro se*, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 (Dkt. 1). He challenges his convictions entered by the Circuit Court for the Sixth Judicial Circuit, Pinellas County, Florida, in 2008. Respondent filed a response to the petition (Dkt. 10).[1] Maynor filed a reply (Dkt. 13). Upon review, the petition must be denied.

## PROCEDURAL HISTORY

Maynor entered a negotiated plea of guilty to two counts of robbery with a firearm (counts one and two), one count of felonious possession of firearms or ammunition (count three), one count of aggravated assault (count four), and one count of aggravated battery (count five). (Dkt. 12, Exs. 2-4.) He was sentenced to consecutive terms of ten years in prison on counts one and two and three years in prison on count three, and concurrent

---

[1] Respondent states that the petition is "arguably timely" but does not expressly challenge the petition as untimely. The Court treats Maynor's federal habeas petition as timely filed under 28 U.S.C. § 2244(d)(1)(A).

terms of five years in prison on count four and ten years in prison on count five, for an overall term of twenty-three years in prison.  (Dkt. 12, Ex. 5.)  The state appellate court *per curiam* affirmed the convictions and sentences.  (Dkt. 12, Ex. 8.)

Maynor filed a motion that the state court treated as both a motion to correct illegal sentence under Florida Rule of Criminal Procedure 3.800(a) and a motion for postconviction relief under Rule 3.850.  (Dkt. 12, Ex. 9.)  The state court's denial of this motion was *per curiam* affirmed.  (Dkt. 12, Exs. 10, 11.)  Maynor next filed a petition for writ of habeas corpus in the Florida Supreme Court, which transferred the petition to the state circuit court for consideration under Rule 3.850.  (Dkt. 12, Exs. 13, 14.)  The state court later granted Maynor's motion to withdraw this postconviction motion.  (Dkt. 12, Exs. 22, 23.)  Maynor filed two more Rule 3.800(a) motions to correct illegal sentence.  (Dkt. 12, Exs. 24, 25, 30.)  The state court rejected these motions (Dkt. 12, Exs. 26, 31), and Maynor did not appeal.  Maynor also filed three more petitions for writ of habeas corpus in the state appellate courts.  (Dkt. 12, Exs. 27, 33, 36.)  His petitions were either denied or dismissed. (Dkt. 12, Exs. 28, 35, 37.)

## STANDARD OF REVIEW

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs this proceeding. *Wilcox v. Florida Dep't of Corr.,* 158 F.3d 1209, 1210 (11th Cir. 1998), *cert. denied,* 531 U.S. 840 (2000).  Habeas relief can only be granted if a petitioner is in custody "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  Section 2254(d), which sets forth a highly deferential standard for federal court review of a state court adjudication, states:

An application for a writ of habeas corpus on behalf of a person in custody

pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

"The focus . . . is on whether the state court's application of clearly established federal law is objectively unreasonable . . . an unreasonable application is different from an incorrect one." *Bell v. Cone*, 535 U.S. 685, 694 (2002). "As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011). *Accord Brown v. Head*, 272 F.3d 1308, 1313 (11th Cir. 2001) ("It is the objective reasonableness, not the correctness *per se*, of the state court decision that [the federal court is] to decide."). The phrase "clearly established Federal law" encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams*, 529 U.S. at 412.

The purpose of federal review is not to re-try the case. "The [AEDPA] modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Cone*, 535 U.S. at 693. In other words, "AEDPA prevents defendants–and federal courts–from using federal habeas corpus review as a vehicle to

second-guess the reasonable decisions of state courts." *Renico v. Lett*, 559 U.S. 766, 779 (2010). *See also Cullen v. Pinholster,* 563 U.S. 170, 181 (2011) ("This is a 'difficult to meet,' . . . and 'highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt' . . . .") (citations omitted).

"[T]he summary nature of a state court's decision does not lessen the deference that it is due." *Wright v. Moore,* 278 F.3d 1245, 1254 (11th Cir.), *reh'g and reh'g en banc denied,* 278 F.3d 1245 (2002), *cert. denied sub nom. Wright v. Crosby,* 538 U.S. 906 (2003). *See also Richter,* 562 U.S. at 99 ("When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary.").

Review of the state court decision is limited to the record that was before the state court:

> We now hold that review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits.   Section 2254(d)(1) refers, in the past tense, to a state-court adjudication that "resulted in" a decision that was contrary to, or "involved" an unreasonable application of, established law.  This backward-looking language requires an examination of the state-court decision at the time it was made.  It follows that the record under review is limited to the record in existence at that same time, i.e., the record before the state court.

*Pinholster,* 563 U.S. at 181-82.  Maynor bears the burden of overcoming by clear and convincing evidence a state court factual determination.  "[A] determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."  28

U.S.C. § 2254(e)(1).  This presumption of correctness applies to a finding of fact but not to a mixed determination of law and fact.  *Parker v. Head*, 244 F.3d 831, 836 (11th Cir.), *cert. denied*, 534 U.S. 1046 (2001).

## DISCUSSION

### Ground One

Maynor alleges a federal double jeopardy violation.  He asserts that because his convictions for robbery with a firearm, felonious possession of firearms or ammunition, and aggravated assault involved possession of the same firearm, and arose from a single criminal episode in which "the firearm is the essential element of each charge," these crimes are "the same offense."  (Dkt. 1, p. 8.)

The double jeopardy clause of the Fifth Amendment protects "against a second prosecution for the same offense after acquittal.  It protects against a second prosecution for the same offense after conviction.  And it protects against multiple punishments for the same offense."  *Brown v. Ohio*, 432 U.S. 161, 165 (1977) (quoting *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969)).

This claim cannot provide relief because Maynor waived it by entering his negotiated guilty plea.  Maynor raises no challenge to the voluntariness of his plea, and the record confirms that his plea was voluntary.  The standard for determining the validity of a guilty plea is "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant."  *North Carolina v. Alford*, 400 U.S. 25, 31 (1970).  "A reviewing federal court may set aside a state court guilty plea only for failure to satisfy due process: 'If a defendant understands the charges against him, understands the consequences of a guilty plea, and voluntarily chooses to plead guilty, without being

coerced to do so, the guilty plea . . . will be upheld on federal review.'" *Stano v. Dugger*, 921 F.2d 1125, 1141 (11th Cir. 1991) (quoting *Frank v. Blackburn*, 646 F.2d 873, 882 (5th Cir. 1980)).

At the change of plea hearing, counsel stated on the record that Maynor faced a possible sentence of life imprisonment.  (Dkt. 12, Ex. 4, p. 3.)  Maynor's statements during the change of plea hearing reflect that he read the plea form, which listed a maximum term of life in prison, and had no questions about the form.  (*Id.*, p. 6; Dkt. 12, Ex. 3.)  He indicated that he had no questions about the factual basis for the charges the State presented at the hearing.  (Dkt. 12, Ex. 4, p. 8.)  The colloquy further reflects that Maynor pleaded guilty because he was in fact guilty.  (*Id.*, pp. 8-9.)  Maynor stated that he understood the plea and the rights he was giving up by entering it.  (*Id.*, p. 9-10.)  He told the court that no one made him any other promises or forced or coerced him into making the plea. (*Id.*, pp. 10-11.)

A voluntary plea waives all nonjurisdictional defects in the proceeding.  *Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992) ("A defendant who enters a plea of guilty waives all nonjurisdictional challenges to the constitutionality of the conviction, and only an attack on the voluntary and knowing nature of the plea can be sustained.").  This waiver applies to an allegation of a double jeopardy violation.  *Dermota v. United States*, 895 F.2d 1324, 1325 (11th Cir. 1990) ("Dermota waived his right to raise a double jeopardy objection by pleading guilty to two separate offenses as a result of a plea agreement he entered into freely, voluntarily and accompanied by his attorney.").  *See also United States v. Broce*, 488 U.S. 563, 574-76 (1989) (defendants could not allege double jeopardy violation after pleading guilty to indictments that, on their face, alleged separate offenses).  Negotiated

pleas also serve to waive constitutional claims under Florida law. *See Novaton v. State*, 634 So.2d 607 (Fla. 1994) (a negotiated plea waives a subsequent double jeopardy claim).

However, an exception to the general waiver rule exists "[i]n certain circumstances" for double jeopardy claims. *United States v. Bonilla*, 579 F.3d 1233, 1240 (11th Cir. 2009). Specifically, "[w]here the State is precluded by the United States Constitution from haling a defendant into court on a charge, federal law requires that a conviction on that charge be set aside even if the conviction was entered pursuant to a counseled plea of guilty." *Menna v. New York*, 423 U.S. 61, 62 (1975) (citing *Blackledge v. Perry*, 417 U.S. 21, 30 (1974)). Therefore, "[a] plea of guilty to a charge does not waive a claim that judged on its face the charge is one which the State may not constitutionally prosecute." *Id.* at 62 n.2.

This exception does not apply to invalidate Maynor's waiver of his double jeopardy challenge. Maynor challenges his convictions and sentences on counts one, two, three, and four as having resulted in multiple punishments for the same offense. However, Maynor pleaded guilty to a charging document alleging four different offenses. The State's factual basis provides that Maynor, a convicted felon, entered a convenience store with a firearm. (Dkt. 12, Ex. 4, pp. 7-8.) He demanded and obtained money from store owner Merwan Grade. (*Id.*, p. 7.) Maynor pointed the gun at Grade's wife, who was also in the store. (*Id.*) Maynor then demanded and obtained money from Tamas Kiss, a customer. (*Id.*) Maynor was charged in count one with armed robbery of Grade, in count two with armed robbery of Kiss, in count three with felonious possession of firearms or ammunition, and in count four with aggravated assault of Fakiha Abubeker. (Dkt. 12, Ex. 2.)

Maynor fails to demonstrate that the State could not prosecute all of these offenses. Determining whether the double jeopardy waiver exception applies involves a consideration

of legislative history, the "same elements" test under *Blockburger v. United States*, 284 U.S. 299 (1932), and the record.   *Bonilla*, 579 F.3d at 1241-44.   First, the Florida Legislature has stated that "[w]hoever, in the course of one criminal transaction or episode, commits an act or acts which constitute one or more separate criminal offenses, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense" and that its intent "is to convict and sentence for each criminal offense committed in the course of one criminal episode."   § 775.021(4)(a)-(b), Fla. Stat.

Second, in evaluating a double jeopardy claim, *Blockburger* provides that:

> The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.

284 U.S. at 304.   "If each offense requires proof of a fact that the other does not, the *Blockburger* test is satisfied despite any overlap in the proof necessary to establish the crimes."   *United States v. Moore*, 43 F.3d 568, 571 (11th Cir. 1994) (citing *Iannelli v. United States*, 420 U.S. 770, 785 n.17 (1975)).

Under Florida law, robbery "means the taking of money or other property which may be the subject of larceny from the person or custody of another, with intent to either permanently or temporarily deprive the person or the owner of the money or other property, when in the course of the taking there is the use of force, violence, assault, or putting in fear."   § 812.13(1), Fla. Stat.   Robbery is reclassified when the offender carries a firearm during the course of committing the robbery.   § 812.13(2)(a), Fla. Stat.   Felonious possession of firearms or ammunition occurs when a person convicted of a felony owns or has in his care, custody, possession, or control any firearm or ammunition. § 790.23(1)(a),

Fla. Stat.  Finally, an assault is "an intentional, unlawful threat by word or act to do violence to the person of another, coupled with an apparent ability to do so, and doing some act which creates a well-founded fear in such other person that such violence is imminent." § 784.011(1), Fla. Stat.  An assault with a deadly weapon without intent to kill or with an intent to commit a felony is aggravated assault.  § 784.021(1)(a)-(b), Fla. Stat.

Each offense with which Maynor was charged requires proof of an element that the others do not.[2]  Furthermore, each count of robbery with a firearm applied to a different victim, and the count of aggravated assault applied to an individual who was not a victim of either of the counts of robbery with a firearm.  Thus, Maynor has not demonstrated that any of his convictions for counts one through four resulted from his twice being placed in jeopardy.  Lastly, based on the state court record at the time of the plea, there is no indication that the State was prohibited from bringing and prosecuting the offenses charged in these counts.  Accordingly, Maynor's voluntary negotiated plea has waived his double jeopardy allegation.

---

[2] The Florida Supreme Court has rejected the argument that armed robbery necessarily subsumes aggravated assault with a deadly weapon:

> In *State v. Baker*, 452 So.2d 927 (Fla. 1984), this Court specifically held that aggravated assault with a deadly weapon was not a necessarily lesser included offense of armed robbery because aggravated assault with a deadly weapon contained a statutory element not contained in armed robbery. We explained:
>
>> In virtually every case of armed robbery, the deadly weapon carried by the perpetrator is the means by which he induces "force, violence, assault, or putting in fear," one of the elements of any robbery, armed or unarmed. However, the statutory element which enhances punishment for armed robbery is not the *use* of the deadly weapon, but the mere fact that a deadly weapon was *carried* by the perpetrator. The victim may never even be aware that a robber is armed, so long as the perpetrator has the weapon in his possession during the offense.

*Taylor v. State*, 608 So. 2d 804, 805 (Fla. 1992) (quoting *State v. Baker*, 452 So.2d 927, 929 (Fla. 1984)).

Even if the claim was not waived, and assuming Maynor exhausted[3] a federal double jeopardy claim in his first postconviction motion and on appeal from the denial of that motion (Dkt. 12, Exs. 9-11), he would not be entitled to relief.  His double jeopardy claim fails on the merits for the same reasons that the waiver exception does not apply.  He cites no controlling authority that supports his contention that the offense of felonious possession of firearms or ammunition precludes prosecution for other offenses in which he used the firearm.[4]   Accordingly, Maynor does not demonstrate that he was twice convicted or punished for the same offense.  He has not shown that the state court's rejection of his double jeopardy claim was contrary to or an unreasonable application of clearly established federal law, or was based on an unreasonable determination of the facts.

Within Ground One, Maynor also argues that the trial court violated his plea agreement by changing its terms.   The plea agreement called for him to receive consecutive minimum mandatory terms on counts one, two, and three.  (Dkt. 12, Ex. 3.) However, the court did not impose minimum mandatory terms at sentencing.  (Dkt. 12, Ex. 5.)  Maynor now alleges that he must be resentenced to minimum mandatory terms but that

---

[3] Before a district court can grant habeas relief to a state prisoner under § 2254, the petitioner must exhaust all state court remedies that are available for challenging his conviction, either on direct appeal or in a state postconviction motion.  28 U.S.C. § 2254(b)(1)(A).

[4] In his reply, Maynor cites *Hall v. State*, 752 So.2d 1245 (Fla. 3d DCA 2000), which provides that a defendant may not be convicted of the crime of unlawful possession of a firearm while engaged in a criminal offense and the crime of robbery with a firearm.  *See also Elozar v. State*, 872 So.2d 934, 937 (Fla. 5th DCA 2004) (explaining that, when a defendant is convicted of robbery with a firearm, he cannot also be convicted of the separate offense of possession of a firearm during the commission of a felony based upon the single act of using the same firearm).  However, Maynor was not convicted of the offense described in these cases.  *See* § 790.07(2), Fla. Stat. (a person who commits or attempts to commit a felony while displaying, using, threatening, or attempting to use a firearm or carrying a concealed firearm is guilty of a second degree felony).  Rather, count three charged a violation of § 790.23, Fla. Stat.  As addressed, subsection (1)(a) of this statute prohibits a person convicted of a felony from owning or having in his care, custody, possession, or control any firearm or ammunition.

Florida sentencing law requires those terms to be imposed concurrently, not consecutively.

Maynor does not present a federal claim as to this argument.  Although Maynor makes a vague statement in his reply that this claim involves a federal issue, he identifies no specific constitutional violation and presents argument solely involving state sentencing law.  Federal habeas relief can only be granted on the basis that an inmate's custody pursuant to a state court judgment violates the Constitution, laws, or treaties of the United States.  28 U.S.C. § 2254(a).  Accordingly, claims like Maynor's that rest on issues of state law are not cognizable in a federal habeas petition.  *See Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir.1988) ("It is clear from [28 U.S.C. § 2254(a)] that a habeas petition grounded on issues of state law provides no basis for habeas relief.").  Moreover, "[i]n the area of state sentencing guidelines in particular, we consistently have held that federal courts can not review a state's alleged failure to adhere to its own sentencing procedures."  *Id.*  Maynor's state law claim that the sentencing court improperly altered the plea agreement raises no basis for federal habeas relief.  Maynor is not entitled to relief on Ground One.


**Grounds Two and Three**

In Ground Two, Maynor asserts that the "filing of the felony information is null and void." (Dkt. 1, p. 12.)  He claims that his constitutional rights were violated because the State filed the charging document without receiving testimony from a material witness as required by Florida law and procedural rules.  In Ground Three, Maynor argues that his constitutional rights were violated when the prosecutor amended count five from battery to aggravated battery without leave of court.

In his federal habeas petition, Maynor has not clearly raised a federal claim with

respect to either Ground Two or Ground Three.  His claims amount to allegations that the Office of the State Attorney failed to comply with Florida law governing the filing and amending of charging documents.  Maynor's conclusory references to federal constitutional amendments in his reply with respect to Ground Two are insufficient to raise a federal claim. The prohibition against granting federal habeas relief on the basis of a state law claim applies even when the state law claim is "couched" in terms of federal law.  *See Branan*, 861 F.2d at 1508 ("This limitation on federal habeas review is of equal force when a petition, which actually involves state law issues, is 'couched in terms of equal protection and due process.'") (quoting *Willeford v. Estelle*, 538 F.2d 1194, 1198 (5th Cir. 1976)). Moreover, the body of Maynor's reply presents argument about the adequacy of the State's actions in accordance with Florida law with respect to Ground Two.  Similarly, the gravamen of his argument in Ground Three is that the prosecutor improperly amended the state charging document without permission of the state court.  Because Grounds Two and Three present matters of state law that are not cognizable on federal habeas review, they cannot afford Maynor relief.

It is therefore

**ORDERED** that Maynor's petition for writ of habeas corpus (Dkt. 1) is hereby **DENIED**.  The Clerk is directed to enter judgment against Maynor and to close this case.

It is further **ORDERED** that Maynor is not entitled to a certificate of appealability. A petitioner does not have absolute entitlement to appeal a district court's denial of his habeas petition.  28 U.S.C. § 2253(c)(1).  A district court must first issue a certificate of appealability (COA).  *Id.* "A [COA] may issue ... only if the applicant has made a substantial

showing of the denial of a constitutional right." *Id.* at § 2253(c)(2).   To make such a showing, Maynor "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)).   Maynor has not made this showing.   Finally, because Maynor is not entitled to a COA, he is not entitled to appeal *in forma pauperis*.

**ORDERED** in Tampa, Florida, on December 12, 2016.

Charlene Edwards Honeywell
United States District Judge

Copy to:
Calvin Maynor
Counsel Of Record